IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| BARRY DAVIS | § | |
| v. | § | CIVIL ACTION NO. 5:08cv166 |
| TDCJ, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Barry Davis, proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Davis sued the Texas Department of Criminal Justice, the "Bowie County Justice System," and an attorney named John Pickett.

Davis states that in 1992, he received a 20-year sentence for a third-degree felony, despite the fact that the maximum sentence for a third-degree felony was 10 years. He states that the prosecutor told him that "he did not care" that the maximum sentence was 10 years, but that he would see to it that Davis got 60 years if he, Davis, did not accept the 20-year plea. Davis further says that his attorney, John Pickett, "sided with the prosecutor" and said that Davis should take the 20 years or that Pickett would not represent him any more.

When Davis got to TDCJ, he says, he told the classification committee and parole counselors that his sentence was illegal because it was outside of the punishment range, but was told that he had to go back to the county in which he was sentenced to get the problem resolved. He says that his sentence should have expired in December of 2002, but he was kept in prison until April of 2007. Eventually, Davis says, he filed a state habeas corpus petition in March of 2006, and the

1

Texas Court of Criminal Appeals ruled in his favor, finding that the sentence was unauthorized. *See Ex Parte Davis*, slip op. no. AP-75,889 (Tex.Crim.App., April 9, 2008) (unpublished) (available on WESTLAW at 2008 WL 974792).

In his Section 1983 lawsuit, Davis says that he seeks compensation for the years he was confined in excess of his sentence. After review of the pleadings, the Magistrate Judge issued a Report on January 28, 2009, recommending that the lawsuit be dismissed with prejudice as to its refiling in federal court, but without prejudice to Davis' right to seek appropriate relief through the courts or the administrative procedures of the State of Texas. The Magistrate Judge also recommended that the lawsuit not count as a strike for purposes of 28 U.S.C. §1915(g).

The Magistrate Judge first determined that Davis could not maintain a Section 1983 claim against the Texas Department of Criminal Justice because the Department is an agency of the State of Texas, and so the claim against TDCJ is barred by the doctrine of sovereign immunity. The Magistrate Judge noted that the State of Texas has enacted a law providing for compensation for persons wrongfully imprisoned, but this law provides for compensation through an action in state court or the Comptroller of the State of Texas, not through a civil rights action in federal court.

Next, the Magistrate Judge stated that "the Bowie County Justice System" has no separate legal existence apart from the county and cannot be sued in its own name, and that Davis had failed to show any basis for liability on behalf of Bowie County, either based upon the actions of the prosecutor or otherwise

Finally, the Magistrate Judge said, Davis could not maintain a Section 1983 action in federal court against Pickett, his defense counsel, because Pickett was not a state actor for purposes of Section 1983 liability, and any malpractice claims are properly brought in state rather than federal court. The Magistrate Judge therefore recommended that Davis' lawsuit be dismissed with prejudice as to its refiling in federal court, but without prejudice as to any actions or claims for compensation which Davis may file in state court or through the Comptroller of the State of Texas.

Davis filed timely objections to the Magistrate Judge's Report. In these objections, Davis says that he attempted to hire several lawyers to help him file a claim for compensation under state law, but none of the lawyers would take the case. He says that without legal assistance, he will be unable to receive a fair hearing and that his *pro se* status entitles him to "a certain degree of leniency." He complains that the District Attorney, Leon Pesek Jr., "willingly neglected the state law" and asks that Pesek be held liable, alleging that Pickett "conspired" with Pesek to do so, and says that the judge of the court where he was convicted even objected to his appeal, showing that he will not get a fair trial if he goes through the state court system. He points to exhibits which he attached to his objections, showing that the state trial court recommended that his habeas petition be denied.

The fact that Davis could not get a lawyer to take his case in state court does not give him a cause of action in federal court. As the Magistrate Judge observed, Davis does not have to go to court in Bowie County if he believes that the court there will be biased against him; he may file his claim for compensation in Travis County, or he can bypass the Texas judiciary entirely and seek compensation from the Comptroller of the State of Texas. Davis does not indicate whether or not he has sought legal assistance in Travis County, but this option also remains open to him.

While Davis' objections are not entirely clear on this point, he indicates that he wishes to sue District Attorney Leon Pesek Jr., whom he did not name as a defendant in his original lawsuit. As a general rule, issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

Even were this claim properly before the Court, however, it clearly lacks merit. The doctrine of prosecutorial immunity holds that prosecutors are immune from liability relative to any of their acts done within the judicial phase of criminal proceedings. *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1989). This immunity from liability has been held to extend to a prosecutor's actions

in initiating, investigating, and pursuing a criminal prosecution. *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). The actions about which Davis complains were undertaken as part of the judicial phase of a criminal proceeding, and so Pesek has absolute immunity from liability for damages in relation to these actions.

Davis also indicates, for the first time in his objections, that his attorney, John Pickett, "conspired" with Pesek. He offers nothing to support this theory except the bald assertion that it is so. Once again, this claim was raised for the first time in Davis' objections to the Report of the Magistrate Judge, and thus is not properly before the Court.

Even were this claim properly before the Court, it also lacks merit. It is true that through a conspiracy, a private individual such as a defense attorney can be made a state actor for purposes of Section 1983. *Tower v. Glover*, 467 U.S. 914, 920 (1984). In claiming a conspiracy, however, the Fifth Circuit has made clear that litigants must allege specific facts; mere conclusory allegations will not suffice. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). In pleading these specific facts, the plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).

The Fifth Circuit has stated that "a lapse of ethics" is not tantamount to a conspiracy to deprive an individual of his constitutional rights. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *see also Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991). In *Young*, the plaintiff alleged, *inter alia*, that his defense attorney, another attorney, and a banker conspired to "rig the jury and deprive him of a fair trial." However, the conspiracy allegations lacked specific operative facts, and so the Fifth Circuit held that the claims were properly dismissed, observing that "bald allegations that a conspiracy existed are insufficient." *Young*, 938 F.2d at 569, *citing Lynch*, 810 F.2d at 1370.

Similarly, in the present case, Davis presents nothing to support his claim of a conspiracy except for a bald allegation that a conspiracy in fact existed. The Fifth Circuit has made clear that such allegations are not sufficient, and so even if Davis' claim on this point were properly before the Court, which it is not, the claim is without merit.

4

Davis complains that when he wrote to the Director of the TDCJ Classification Department and the Director of the Paroles Division, the only response he received was copies of his time sheet. He states that when he told his parole counselor that his sentence was illegal, the counselor replied that there was nothing he could do and that the Parole Board was not responsible for his unlawful sentence. This advice was correct; as Davis acknowledges, the sentence was assessed in Bowie County, and the Texas Board of Pardons and Paroles had no authority to change it. He concedes that he was told that he would have to go back to Bowie County to rectify the problem, which he ultimately did, through the state habeas corpus procedures. Davis has failed to show a constitutional violation in the fact that he was correctly advised that the Board of Pardons and Paroles had no authority to alter his sentence. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to its refiling in federal court, but without prejudice to Davis' right to seek appropriate relief through the courts or administrative procedures of the State of Texas. It is further

ORDERED that this lawsuit shall not count as a strike for purposes of 28 U.S.C. §1915(g). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this 20th day of August, 2009.

*T. John Ward*
T. JOHN WARD
UNITED STATES DISTRICT JUDGE